IRVING, J.,
dissenting.
¶ 30. With respect for the majority, I must dissent. The majority finds that it is legally defensible for the trial judge to accept as race neutral the striking of a juror by the prosecution because of where the juror lives but reject as race neutral the striking of another juror by the defense because of where the juror works. What is even more perplexing is that the majority makes this finding while at the same time acknowledging that striking a juror because of the location of the juror’s residence (in a high crime area) and striking a juror because of the nature of the juror’s employment (director of finance for a state agency) are both recognized in the jurisprudence of this state as race neutral reasons for striking jurors in the face of a Batson challenge.
¶ 31. In my opinion, the majority, by affirming what happened in this case, has placed its stamp of approval on the arbitrary and capricious selection of jurors. To sanction what has been done in this case by resorting to the tired and worn legal jargon — the judge is afforded great deference and he is in the best position to *406 observe the attorneys as well as all the jurors — is to deny substantive appellate review and, in the long run, is to diminish the public’s esteem for the judiciary, for this rationale is much too transparent.
¶ 32. Without a doubt, it cannot be said that a defendant has received a fair trial when he has been subjected to an uneven playing field in the jury selection process, one of the most important components in the whole process of trial by jury.
¶ 33. For the foregoing reasons, I respectfully dissent. I would reverse and remand this case for a new trial on a level playing field in the jury selection process.